Edward W. TAYLOR; Gail J. Taylor, Plaintiffs—Appellants,

v.

THE MONEY STORE, Defendant—Appellee.

No. 00–35930.

D.C. No. CV–00–05158–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 1, 2002.

Before HALL, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Appellants Edward W. Taylor ("Edward") and Gail J. Taylor ("Gail") appeal the district court's grant of The Money Store's ("TMS") Motion to Dismiss Appellants' action with prejudice, denial of Appellants' Motion to Amend their Complaint, and denial of Appellants' Motion to Amend to Add Defendants.

Gail Taylor obtained a loan from The Money Store on November 21, 1996, secured by a deed of trust. Gail signed her name to the loan documents and forged her husband's signature. On January 7, 1999, Edward was informed of the existence of the loan and foreclosure proceedings due to default on the loan payments. Appellants filed their complaint under the Truth–in–Lending Act ("TILA") on March 17, 2000.

■ 1. Appellants' claim for rescission under 15 U.S.C. § 1635(f) is time-barred, because Appellants failed to file a claim within three years of securing the loan. Equitable tolling does not apply to rescission under this provision of TILA, because " § 1635(f) completely extinguishes the right of rescission at the end of the 3–year period," even if the lender has never made the required disclosures. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412–13, 419, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

■ 2. Appellants' claim for damages under § 1640(e) is also time-barred, because they failed to bring an action within one year from the date the violation occurred. See 15 U.S.C. § 1640(e). Although equitable tolling applies generally to § 1640(e) claims, equitable tolling is inapplicable in this case because Gail, rather than TMS, concealed the loan from Edward.

3. The district court did not abuse its discretion in denying Appellants' motion to amend their complaint to add state claims and defendants. After the district court dismissed the federal claims, it was not an abuse of discretion to decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c); *see also Exec. Software N. Am., Inc. v. United States Dist. Ct.,* 24 F.3d 1545, 1551–52, 1557 (9th Cir.1994).

4. Appellants failed to raise the Real Estate Settlement Procedures Act argument "sufficiently for the district court to rule on it." *See United States v. $22,474.00 in United States Currency,* 246 F.3d 1212, 1218 (9th Cir.2001) (citation omitted).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.