Michael P. McCANN and Diane
L. McCann, husband and
wife, Plaintiffs,

v.

QUALITY LOAN SERVICE CORPO-
RATION, JP Morgan Chase Bank, a
National Association, successor to
Washington Mutual Bank, Defen-
dants.

Case No. C10–181RSM.

United States District Court,
W.D. Washington,
at Seattle.

July 21, 2010.

John Alfred Long, Issaquah, WA, for Plaintiffs.

Joni Marie Derifield, Derifield Law Office PS, Poulsbo, WA, Erin McDougal Stines, Bishop White Marshall & Weibel, PS, Seattle, WA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

RICARDO S. MARTINEZ, District Judge.

Plaintiffs Michael and Diane McCann, appearing through counsel, filed this action in Snohomish County Superior Court, asserting eight causes of action arising from a mortgage refinance transaction they entered with Washington Mutual Bank. The complaint alleged claims of intentional and negligent misrepresentation, "illegal kickback" in violation of 12 U.S.C. § 2607 (the Real Estate Settlement Procedures Act, or "RESPA"), violation of the Washington Consumer Protection Act, breach of contract, reformation of the note, and rescission of the note [1]; and requested injunctive relief to prevent a trustees' sale. Complaint, Dkt. # 4–3, ¶¶ 4–11. Defendant JP Morgan Chase Bank ("Chase") removed the action to this Court on the basis of the federal RESPA claim. Notice of Removal, Dkt. # 1. Defendant Quality Loan Services Corporation ("Quality") joined in the removal. *Id.*, ¶ 5. The matter is now before the Court for consideration of defendants' motions to dismiss. Dkt. # 6, 9. For the reasons set forth below, both motions shall be granted.

## DISCUSSION

Chase moves to dismiss all eight [2] claims, arguing that the McCanns' claims are premised on the mistaken assumption that Chase assumed all of Washington Mutual's liabilities when the FDIC trans-

---

1. The complaint does not assert any statutory basis for the claim of rescission, nor reference the Truth in Lending Act, or "TILA", at any point.

2. The eight claims include a claim for injunctive relief to prevent the trustee's sale. Complaint, ¶¶ 11.1–11.8. However, although plaintiffs filed a motion for a temporary restraining order regarding the pending sale in state court, that motion was never renewed in this Court following removal. Pursuant to Local Rules W.D. Wash. CR 101(c), "[i]f a motion is pending and undecided in the state court at the time of removal, it will not be considered unless and until the moving party notes the motion on this court's calendar in accordance with CR 7(d)."

ferred Washington Mutual's assets to Chase. Dkt.# 6. Chase argues that when the Office of Thrift Supervision ("OTS") closed Washington Mutual and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver, the FDIC succeeded to all Washington Mutual's assets and liabilities. On September 25, 2008, the FDIC transferred the bulk of Washington Mutual's assets to Chase pursuant to a purchase and assumption agreement ("P & A Agreement"). Article 2.5 of the P & A Agreement provides that Chase did not assume Washington Mutual's potential liabilities associated with claims of borrowers. Thus, Chase contends that the McCanns' claims, which it characterizes as arising out of the plaintiffs' capacity as borrowers of Washington Mutual, cannot be maintained against Chase. *Id.*

Defendant Quality Loan Service Corporation has joined in the motion to dismiss, noting that the complaint states no claims against this defendant. Dkt. # 9. Defendant is correct: the complaint names Quality as "the agent for servicing of the loan," and states that "Quality is named herein only as its interest is affected by the claims against the obligation and to restrain conducting of the trustee sale." Complaint, ¶ 1.3. As noted below at Note 2, plaintiffs never filed a motion to restrain the sale in this Court. The claim against Quality may therefore be dismissed without further analysis.

### A. Motion to Dismiss Standard

■ To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). It is not enough for a complaint to "plead[ ] facts that are 'merely consistent with' a defendant's liability." *Id.* (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949–50 (*citing Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

### B. The P & A Agreement

■ Chase has supported the motion with a copy of the P & A Agreement, and a quote of the relevant paragraph stating that "any liability associated with borrower claims for payment of or liability to any borrower ... are specifically not assumed by the Assuming Bank." Dkt. # 7, Exhibit 2; Dkt. # 6, p. 4. Plaintiffs have not objected to this supporting document, and in turn have quoted from an FDIC website, "A Borrower's Guide to an FDIC Bank Failure," which states in part that "[t]he sale does not affect the terms of your loan," and "[t]he new owner ... assumes the receiver's obligations and commitments." Plaintiffs' Response, Dkt. # 10, p. 9–10. Chase, in reply, has not objected to plaintiffs' citation to this website.

■ As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001) (*quoting Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994)). A district court may, however, "look beyond the complaint to matters of public record and doing so does not convert a 12(b)(6) motion to one of summary judgment." *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n. 1 (9th Cir.2004). Other courts have taken judicial notice of the P & A Agreement between the FDIC and Chase. *See, e.g., Allen v. United Fin. Mortgage Corp.,* 660 F.Supp.2d 1089, 1093–94 (N.D.Cal. 2009); *Molina v. Wash. Mut. Bank,* 2010 WL 431439, at *3 (S.D.Cal. Jan. 29, 2010). Here, the Court takes judicial notice of the P & A Agreement because it is a public record and not the subject of reasonable dispute. The Court will similarly take judicial notice of the website quoted by plaintiffs.

### C. Chase's Liability Under the P & A Agreement

■ There is no dispute that the FDIC had the authority to transfer certain Washington Mutual liabilities to Chase through the P & A Agreement while retaining others. Article 2.5 of the P & A Agreement expressly provides that the FDIC retained Washington Mutual's potential liabilities associated with borrowers' claims:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for

monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

Declaration of Erin Stines, Dkt. # 7, Ex. 2 at 9.

A number of federal courts have now held that this P & A Agreement relieves Chase of liability for borrowers' claims against Washington Mutual. These courts reason that Chase became a successor to Washington Mutual by executing the P & A Agreement; the P & A Agreement governs the status of Chase as successor; and Article 2.5 of the P & A Agreement establishes that Chase did not assume liability for borrowers' claims related to loans made by Washington Mutual prior to September 25, 2008. On this basis, the district courts, including this one, have repeatedly dismissed TILA and RESPA claims brought against Chase because the P & A Agreement specifies that Chase did not assume liability for such claims. *See, Danilyuk v. JP Morgan Chase Bank, N.A.,* 2010 WL 2679843 (W.D.Wash.) [3]; *citing Molina v. Washington Mutual Bank,* 2010 WL 431439 (S.D.Cal. Jan. 29, 2010), in which the district court dismissed TILA and RESPA claims against Chase

---

**3.** Although noting that other courts had dismissed TILA claims pursuant to the P & A agreement, this court in *Danilyuk* declined to dismiss the Danilyuks' claim for rescission under TILA. That claim remains pending in the action. *Danilyuk v. JP Morgan Chase Bank,* C 10–712JLR, Dkt. # 22.

that were based on actions committed during the course of loan negotiations; *see also, Federici v. Monroy,* 2010 WL 1345276 (N.D.Cal. Apr. 6, 2010), in which the court dismissed all claims against Chase which were predicated on allegations that Washington Mutual negligently prepared loan documents and made negligent misrepresentations; *Yeomalakis v. F.D.I.C.,* 562 F.3d 56, 60 (1st Cir.2009); *Johnson v. Wash. Mut. et al.,* 2010 WL 682456, at *4 (E.D.Cal. Feb. 24, 2010); *Grealish v. Wash. Mut. Bank,* 2009 WL 2170044, at *2 (D.Utah July 20, 2009); *Cassese v. Wash. Mut. Bank,* 2008 WL 7022845, at *6 (E.D.N.Y. Dec. 22, 2008); *cf. Payne v. Sec. Sav. & Loan Ass'n,* 924 F.2d 109, 111 (7th Cir.1991) (holding that the receiver of assets, not the subsequent purchaser of the assets, retained all liabilities not specifically enumerated in a similar purchase and assumption agreement).

■ Plaintiffs, in opposition to the motion to dismiss, have cited to a section of TILA, 15 U.S.C. § 1641(c), asserting that "Chase's claim of immunity from liability contravenes the express provisions of the Truth in Lending Act ("TILA"), which specifically preserves consumers' rights vis-à-vis an assignee." Plaintiffs' Opposition, Dkt. # 10, p. 3. The cited section states, in relevant part, "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c). However, as noted above, plaintiffs did not assert a claim under TILA. Their claim of right to rescission nowhere provides a statutory reference or invokes TILA; it simply states that "McCann is entitled to rescind the note on the basis of material breach preventing McCann from receiving the benefits intended by the transaction." Complaint, Dkt. # 4–3, ¶ 10.2. This bare allegation, even when considered in combination with various references to the Truth in Lending statement ("TIL") in the factual recitation portion of the complaint, is insufficient to raise a claim under TILA in the absence of any statutory citation. The Court will not guess at the statutory basis of a claim, nor frame it for a plaintiff who is represented by competent counsel.

■ Even if plaintiffs had properly asserted a TILA claim in their complaint, it would be time-barred. The right to rescind a transaction under TILA "shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). This three-year period is not a statute of limitations within which to file an action, but rather is the duration of the right to rescind. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 415–18, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). As such, it cannot be tolled. *D'Onofrio v. U.S. Bank,* 2009 WL 3298237, at *2 (N.D.Cal. Oct. 13, 2009); *Walker v. Equity 1 Lenders Group,* 2009 WL 1364430, at *6 (S.D.Cal.2009) (*citing Taylor v. Money Store,* 42 Fed. Appx. 932, 933 (9th Cir.2002) ("Equitable tolling does not apply to rescission under [§ 1635(f) ].")).

The mortgage at issue in this case, as a refinance of an existing mortgage, was arguably subject to TILA's rescission provisions. 15 U.S.C. § 1635(e) (providing that residential mortgage transactions-meaning mortgages used to finance the acquisition of a consumer's dwelling—are exempt). Nonetheless, Chase has demonstrated that the McCanns consummated the loan on August 26, 2004. This suit was not filed until December 29, 2009, more than five years later. Any claim for rescission under TILA is therefore time-barred. Plaintiffs' arguments in opposition to the motion to dismiss, based on TILA, are insufficient to overcome Chase's arguments for dismissal.

## CONCLUSION

The Court finds that Article 2.5 of the P & A Agreement relieves Chase of all liabil-

ity for borrowers' claims relating to loans made by Washington Mutual prior to September 25, 2008. In light of this finding, the Court concludes that the McCanns have not alleged facts sufficient to support claims for damages against Chase for intentional misrepresentation, negligent misrepresentation, illegal kickback (violations of RESPA), violation of the CPA, breach of contract, reformation of the note, or rescission of the note. Although the date of the loan is not alleged in the complaint, these claims all stem from a loan transaction that occurred prior to September 25, 2008. Declaration of Erin Stines, Dkt. # 16, ¶ 2. Under the P & A Agreement, Chase did not assume liability for borrowers' claims against Washington Mutual relating to loans made prior to September 25, 2008. The McCanns' claims seek to hold Chase liable solely on the basis of its status as assignee of Washington Mutual's assets. As such claims cannot be asserted against Chase, the Court shall dismiss these claims with leave to amend.[4]

Accordingly, the Court GRANTS Chase's motion to dismiss (Dkt. # 6) with respect to all claims, and DISMISSES these claims with leave to amend to state a proper defendant. The Court also GRANTS Quality's motion to dismiss the request for injunctive relief (Dkt. # 9), and DISMISSES this claim without prejudice and with leave to amend. If no amended complaint is filed within twenty days of the date of this Order, the Clerk shall close the file.

4. The court notes that amendment may be futile, particularly with respect to amendment to add a TILA claim.