**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-10906
Summary Calendar

Lyle W. Cayce
Clerk

ETTA LOWERY,

Plaintiff-Appellant

v.

CAPITAL ONE MORTGAGE; DOVENMUEHLE MORTGAGE,
INCORPORATED; JOHN DOES 1-10,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-737

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Etta Lowery obtained a home equity loan from Willow Bend Mortgage
Company (WBMC) on December 18, 2003. Lowery believed that she had entered
into a fixed interest rate mortgage. In February of 2009, Lowery received a bill
showing an increase in her loan payment. She called Capital One Mortgage
(Capital One) and was informed that her mortgage had an adjustable interest
rate. On December 7, 2009, Lowery filed a suit in Texas state court against

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10906

Capital One and Dovenmuehle Mortgage, Inc. (DMI). DMI removed the case to federal court because it contained federal questions.

Lowery sought to invalidate the mortgage under the Texas Constitution. She sought rescission of the mortgage and statutory damages under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* Capital One and DMI moved to have Lowery's suit dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court considered the pleadings and attachments and entered an order granting the motions to dismiss under Rule 12(b)(6). Among other things, the district court found that the documents submitted by Lowery showed that she was given notice of the three-day right to rescind the mortgage as provided by the Texas Constitution and that the right to rescind under the TILA, *see* 15 U.S.C. § 1635(f), expired three years after the date of the consummation of the transaction in 2003.

Lowery has moved for leave to file a corrected reply brief. The motion is granted.

This court reviews a district court's dismissal for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) de novo. *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005). In reviewing a FED. R. CIV. P. 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). Lowery's pro se brief has been afforded liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the second amended complaint, Lowery asserted that she was not provided with a "Texas Home Equity Notice of Right to Rescind." The district court rejected the claim noting that the loan documents introduced by Lowery contained references to the right to rescind in two places. Lowery does not dispute this finding and has not raised a challenge to it on appeal. *See*

No. 10-10906

*Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Lowery argues that the TILA specifies the form of the notice of the right to rescind and that the federal TILA preempts state law. The substance of this argument is that she was not given the correct notice of rescission under the TILA. With respect to the three-year limit on rescissions found in 15 U.S.C. § 1635(f), Lowery does not dispute the district court's finding that more than three years had passed since the consummation of the mortgage. She argues that the three-year period is subject to equitable tolling. This argument fails in light of *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998), where the Supreme Court concluded that § 1635(f) does not contain a statute of limitations for bringing a claim, but rather provides that the right to rescission under the TILA expires after three years. *Id.* Because there is no right to rescind after three years, the district court did not err in finding that Lowery had failed to state a claim in seeking rescission under the TILA beyond the three year period.

AFFIRMED; MOTION GRANTED.