**Gerald J. BROWN, Plaintiff-Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Defendant-Appellee.**

**No. 73-1307.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1973.

Decided Dec. 6, 1973.

Gerald J. Brown, pro se.

William Waller, Nashville, Tenn., for defendant-appellee; Waller, Lansden, Dortch & Davis, Nashville, Tenn., of counsel.

Before WEICK, McCREE, and MILLER, Circuit Judges.

PER CURIAM.

We consider an appeal from a judgment for appellee in an action charging it with racial discrimination in its hiring practices in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The complaint alleged that appellant, a Negro, read appellee's newspaper advertisement for appliance technicians in Nashville, Tennessee, and, on August 27, 1967, despite the advice in the advertisement to apply for a position by telephone or letter, went in person to General Electric's business establishment where he filled out an application after consulting a person designated by a secretary as the supervisor. It further alleged that when appellant was not contacted after two months, he returned in November to up-date his application but was told that it could not be found.

Appellant then filed a complaint with the Equal Employment Opportunity Commission (EEOC). After efforts at conciliation failed, the Commission, observing that all 35 persons employed by appellee in its Nashville facility were Caucasians, determined that there was "reasonable cause to believe that Title VII has been violated" and issued to ap-

pellant a notice of his right to sue. This action is based upon that letter.

Judgment for appellee was entered after trial upon findings of fact and conclusions of law. The critical findings of fact are: (1) that appellant failed to prove by credible evidence that an employment application was filed in August 1967; (2) that appellant failed to prove by credible evidence that an attempt was made by him to update this application in November 1967, and (3) that appellant failed to prove any discrimination because of race by appellee in its employment practices. On the basis of these findings the court below concluded, as a matter of law, that appellee was not guilty of any unlawful discrimination in its hiring practices as alleged in the complaint.

Findings of fact may not be disturbed unless they are clearly erroneous. Fed. R.Civ.P. 52(a). We have examined the record with meticulous care because appellant is a former navy serviceman, and, as a Negro, is a member of a class discrimination against which provided the principal impetus for the enactment of the Civil Rights Act of 1964. We agree with the United States Court of Appeals for the Fifth Circuit that:

> Racial discrimination in employment is one of the most deplorable forms of discrimination known to our society, for it deals not with just an individual's sharing in the "outer benefits" of being an American citizen, but rather the ability to provide decently for one's family in a job or profession for which he qualifies and chooses. Title VII of the 1964 Civil Rights Act provides us with a clear mandate from Congress that no longer will the United States tolerate this form of discrimination. It is, therefore, the duty of the courts to make sure that the Act works ·. . . .

Culpepper v. Reynolds Metals Co., 421 F.2d 888, 891 (5th Cir. 1970) (Tuttle, J.).

The record in this appeal presents a square conflict of testimony between ap-

pellant, who testified in careful detail that he filed an application with appellee in August 1967, and appellee's supervisors who testified with equal certainty that he made no application. Logic would suggest that appellant must have filed an application in August 1967, if he subsequently attempted to update it (although appellee's supervisors also contradicted this assertion), and if the record were otherwise silent, the finding that he had not filed an application might be suspect because of appellee's admitted record of employing only Caucasians. However, appellant has been engaged in a personal crusade to change racial hiring practices in the Nashville area to conform with the national policy expressed in the Civil Rights Act of 1964, and at about the same time during which appellant testified he made application for a position with General Electric, he had claims of unlawful employment practices pending against 12 or 13 other employers and had filed 5 or 6 Equal Employment Opportunity actions in the federal courts. It is not inconceivable that appellant could have been confused in his testimony about the particular company or the precise time of application.

We are mindful that appellant presented his case *pro se* after his appointed counsel, who had accepted employment with the United States District Attorney, was permitted to withdraw because of a possible conflict of interest. Although the district court suggested a continuance to permit appellant to engage other counsel, appellant, nevertheless, elected to proceed without counsel because there had been previous delays in bringing the case to trial and he was understandably impatient. We observe that at trial the district court was helpful in assisting appellant in the presentation of his case and the record is utterly devoid of any suggestion of bias on his part.

Accordingly, we conclude from our review of the entire record, including the complete transcripts of deposition and trial and the exhibits, that the findings

**912**

of fact of the district court are not clearly erroneous and that no error infects the judgment.

Affirmed.