**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLIE OREA; BRENDA OREA,

Plaintiffs - Appellants,

v.

GREENPOINT MORTGAGE FUNDING, INC.; et al.,

Defendants - Appellees.,

No. 11-55403

D.C. No. 2:10-cv-09447-PA-DTB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Charlie and Brenda Orea appeal pro se from the district court's judgment

dismissing their action arising out of foreclosure proceedings. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, appellees' request for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011), and on the basis of the applicable statute of limitations, *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006). We review for an abuse of discretion the district court's decision whether to apply equitable tolling. *Id.* We affirm.

The district court properly dismissed the Oreas' Home Ownership and Equity Protection Act ("HOEPA") and Real Estate Settlement Procedures Act ("RESPA") claims as time-barred because the Oreas did not file their action within one year of the alleged violations. *See* 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (one-year limitations period in § 1640(e) generally runs from the date of consummation of the transaction); 12 U.S.C. § 2614 (one-year statute of limitations for violations of § 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees).

The district court did not abuse its discretion by declining to apply equitable tolling to the Oreas' HOEPA and RESPA claims. *See Cervantes*, 656 F.3d at 1045 (noting that equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)).

The district court properly dismissed the Oreas' Truth in Lending Act claim seeking rescission of the loan because the Oreas failed to file their action within three years of the consummation of the loan. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").

The district court properly dismissed the Oreas' Racketeer Influenced and Corrupt Organizations Act claim because the Oreas failed to allege the requisite pattern of racketeering activity involving more than one transaction. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (pattern requires more than one scheme with a "single purpose which happen[s] to involve more than one act taken to achieve that purpose").

The district court properly dismissed the Oreas' Fair Credit Reporting Act ("FCRA") claim because the Oreas failed to allege that they provided notice of the dispute to the credit reporting agency. *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (explaining that the FCRA requires the consumer to "filter" his or her complaint about inaccurate information through a credit reporting agency).

The district court did not abuse its discretion by denying the Oreas leave to file an amended complaint. *See Cervantes*, 656 F.3d at 1041 ("Although leave to

amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Oreas' state law claims after dismissing their federal claims. *See* 28 U.S.C. § 1367(c)(3); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (setting forth the standard of review).

The Oreas' contention that the district court was biased is unpersuasive and not supported by the record.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Oreas' opposed request for judicial notice, filed on January 4, 2013, is denied.

**AFFIRMED.**