FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHAMSING SITTHIDET; VIENGXAY SITTHIDET, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FIRST HORIZON HOME LOANS; et al., <br><br> Defendants - Appellees. | No. 12-35551 <br><br> D.C. No. 2:12-cv-00469-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Khamsing and Viengxay Sitthidet appeal pro se from the district court's

judgment dismissing their action alleging federal claims relating to the refinancing

of their home loans.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Sitthidets' Truth in Lending Act ("TILA") claims for rescission as time-barred because the Sitthidets did not exercise their right of rescission within three years of the alleged violation. *See* 15 U.S.C. § 1635(f). Equitable tolling does not apply to this claim because "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if the lender has never made the required disclosures. *Beach v. Ocwen Fed. Bank*, 523 U.S. 411, 412-13, 419 (1998).

The district court properly dismissed the Sitthidets' TILA damages claim because, even if equitable tolling principles were applied, the claim was time barred. *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation).

The district court properly dismissed the Sitthidets' Fair Credit Reporting Act ("FCRA") claim because the Sitthidets did not allege that they gave proper notice to any credit reporting agency that they disputed the information furnished by defendants. *See* 15 U.S.C. § 1681s-2(b); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (explaining that the FCRA

requires consumers to "filter" his complaint about inaccurate information through the credit reporting agency).

The district court did not abuse its discretion in denying the Sitthidets' request for entry of default because the Sitthidets failed to file proofs of service with the district court and did not comply with the local rules. *See* Fed. R. Civ. P. 4(l) (requiring proof of service of the summons and complaint to be made to the court); *see also* W.D. Wash. R. 55(a) (requiring plaintiffs seeking entry of default give defaulting parties who have appeared fourteen day notice); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review).

We do not consider the Sitthidets' Real Estate Settlement Procedure Act, Fair Debt Collection Practices Act, or Washington state law claims because the Sitthidets did not present any discernible arguments in their opening brief regarding the dismissal of these claims. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1020 (9th Cir. 2011) (issues not supported by argument in opening brief are deemed waived).

The Sitthidets' motion to include missing exhibits for oral argument, filed on April 4, 2013, is construed as a request for oral argument. So construed, the motion is denied.

**AFFIRMED**.