# BEACH ET UX. *v.* OCWEN FEDERAL BANK

No. 97–5310.   Argued March 2, 1998—Decided April 21, 1998

SOUTER, J., delivered the opinion for a unanimous Court.

*Bruce S. Rogow* argued the cause for petitioners. With him on the briefs were *Beverly A. Pohl* and *Michael Tankersley.*

*Carter G. Phillips* argued the cause for respondent. With him on the brief were *James A. Huizinga, Michael F. Wasserman, Steven Ellison,* and *Patricia Lebow.**

JUSTICE SOUTER delivered the opinion of the Court.

Under the Truth in Lending Act, 82 Stat. 146, 15 U. S. C. § 1601 *et seq.,* when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately. See 15 U. S. C. § 1635. Under § 1635(f) of the statute, this right of rescission "shall expire" in the usual case three years after the loan closes or upon the sale of the secured property, whichever date is earlier. The question here is whether a borrower may assert this right to rescind as an affirmative defense in a collection action brought by the lender more than three years after the consummation

---

*Briefs of *amici curiae* urging reversal were filed for the American Association of Retired Persons by *Jean Constantine-Davis* and *Nina F. Simon;* and for Dorothy Botelho et al. by *Richard J. Rubin* and *Gary Klein.*

*Thomas M. Hefferon, John C. Englander,* and *Jeremiah S. Buckley* filed a brief for the Federal Home Loan Mortgage Corp. et al. as *amici curiae* urging affirmance.

of the transaction. We answer no and hold that § 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.

## I

The declared purpose of the Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U. S. C. § 1601(a); see *Mourning* v. *Family Publications Service, Inc.*, 411 U. S. 356, 363–368 (1973). Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights. See §§ 1631, 1632, 1635, 1638. Failure to satisfy the Act subjects a lender to criminal penalties for noncompliance, see § 1611, as well as to statutory and actual damages traceable to a lender's failure to make the requisite disclosures, see § 1640. Section 1640(e) provides that an action for such damages "may be brought" within one year after a violation of the Act, but that a borrower may assert the right to damages "as a matter of defense by recoupment or set-off" in a collection action brought by the lender even after the one year is up.

Going beyond these rights to damages, the Act also authorizes a borrower whose loan is secured with his "principal dwelling," and who has been denied the requisite disclosures, to rescind the loan transaction entirely "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." § 1635(a). A borrower who exercises this right to rescind "is not liable for any finance or other charge, and any security interest given by [him], including any such interest arising by operation of law, becomes void" upon rescission. § 1635(b). Within 20 days

after receiving notice of rescission, the lender must "return to the [borrower] any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Ibid.* The Act provides, however, that the borrower's right of rescission "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," even if the required disclosures have never been made. § 1635(f).[1] The Act gives a borrower no express permission to assert the right of rescission as an affirmative defense after the expiration of the 3-year period.

The borrowers in this case, petitioners David and Linda Beach, built a house in Jupiter, Florida, in 1986 with a secured $85,000 construction loan from Fidelity Federal Savings Bank of Florida. In the same year, the Beaches refinanced the house with a loan from Great Western Bank.[2] In 1991, the Beaches stopped making mortgage payments, and in 1992 the bank began this foreclosure proceeding. The Beaches acknowledged their default but raised affirmative defenses, alleging that the bank's failure to make disclosures required by the Act[3] gave them rights under §§ 1635 and

---

[1] The Act provides a limited extension of this 3-year time period when "(1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding." 15 U. S. C. § 1635(f). Under such circumstances, "the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later." *Ibid.*

[2] Ocwen Federal Bank was substituted as the plaintiff while this case was pending in the trial court.

[3] Specifically, the Beaches claimed that the bank had failed to disclose properly and accurately (1) the amount financed, in violation of § 1638(a)(3); (2) the finance charge, in violation of § 1638(a)(3); (3) the annual percentage rate, in violation of § 1638(a)(4); (4) the number, amounts, and timing of

1640 to rescind the mortgage agreement and to reduce the bank's claim by the amount of their actual and statutory damages.

The Circuit Court of the 15th Judicial Circuit of Florida agreed that under § 1640 the Beaches were entitled to "offset the amount owed to Great Western" by $396 in actual damages and $1,000 in statutory damages because the bank had overstated the monthly mortgage payment by $0.58 and the finance charge by $201.84. But the court rejected the Beaches' effort to rescind the mortgage under § 1635, holding that the loan at issue was immune to rescission as part of a "residential mortgage transaction" (defined in § 1602(w)) and, in the alternative, that any right to rescind had expired after three years, in 1989. The court found it telling that Congress had included no saving clause to revive an expired right of rescission as a defense in the nature of recoupment or setoff.

The State's intermediate appellate court affirmed, *Beach v. Great Western Bank*, 670 So. 2d 986 (Fla. 4th Dist. Ct. App. 1996), and so did the Supreme Court of Florida, which addressed only the issue of rescission as a defense, *Beach v. Great Western Bank*, 692 So. 2d 146 (1997).[4] That court remarked on the plain language of § 1635(f) as evidence of unconditional congressional intent to limit the right of rescission to three years and explained that its prior cases permitting a defense of recoupment by an ostensibly barred claim were distinguishable because, among other things, they involved statutes of limitation, not statutes extinguishing rights defensively asserted.

Because the reading of § 1635(f) given by the Supreme Court of Florida conflicts with the decisions of several other

---

payments scheduled to repay the obligation, in violation of § 1638(a)(6); and (5) the total of payments, in violation of § 1638(a)(5).

[4] Although the *per curiam* opinion posed the question as one "[u]nder Florida law," 692 So. 2d, at 147, it distinguished cases based on state law as inapposite and held that a defense of rescission was unavailable under the Act after three years.

courts,[5] we granted certiorari, 522 U. S. 912 (1997), to determine whether under federal law the statutory right of rescission provided by § 1635 may be revived as an affirmative defense after its expiration under § 1635(f). We affirm.

## II

The Beaches concede that any right they may have had to institute an independent proceeding for rescission under § 1635 lapsed in 1989, three years after they closed the loan with the bank, but they argue that the restriction to three years in § 1635(f) is a statute of limitation governing only the institution of suit and accordingly has no effect when a borrower claims a § 1635 right of rescission as a "defense in recoupment" to a collection action. They are, of course, correct that as a general matter a defendant's right to plead "recoupment," a " 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' " *Rothensies* v. *Electric Storage Battery Co.*, 329 U. S. 296, 299 (1946) (quoting *Bull* v. *United States*, 295 U. S. 247, 262 (1935)), survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action. So long as the plaintiff's action is timely, see *ibid.*, a defendant may raise a claim in recoupment even if he could no longer bring it independently, absent " 'the clearest congressional language' " to the contrary. *Reiter* v. *Cooper*, 507 U. S. 258, 264 (1993) (quoting *United States* v. *Western Pacific R. Co.*, 352 U. S. 59, 71 (1956)). As we have said before, the object of a statute of limitation in keeping "stale litigation out of the courts," *id.*, at 72, would be distorted if the statute were

---

[5] See, *e. g.*, *In re Barsky*, 210 B. R. 683 (Bkrtcy. Ct. ED Pa. 1997); *In re Botelho*, 195 B. R. 558 (Bkrtcy. Ct. Mass. 1996); *In re Shaw*, 178 B. R. 380 (Bkrtcy. Ct. NJ 1994); *Federal Deposit Ins. Corp.* v. *Ablin*, 177 Ill. App. 3d 390, 532 N. E. 2d 379 (1988); *Community Nat. Bank & Trust Co. of N. Y.* v. *McClammy*, 525 N. Y. S. 2d 629, 138 App. Div. 2d 339 (1988); *Dawe* v. *Merchants Mortgage and Trust Corp.*, 683 P. 2d 796 (Colo. 1984) (en banc).

applied to bar an otherwise legitimate defense to a timely lawsuit, for limitation statutes "are aimed at lawsuits, not at the consideration of particular issues in lawsuits," *ibid.*

The Beaches come up short, however, on the question whether this is a case for the general rule at all. The issue here is not whether limitation statutes affect recoupment rights, but whether § 1635(f) is a statute of limitation, that is, "whether [it] operates, with the lapse of time, to extinguish the right which is the foundation for the claim" or "merely to bar the remedy for its enforcement." *Midstate Horticultural Co.* v. *Pennsylvania R. Co.*, 320 U. S. 356, 358–359, and n. 4 (1943). The "ultimate question" is whether Congress intended that "the right shall be enforceable in any event after the prescribed time," *id.*, at 360; accord, *Burnett* v. *New York Central R. Co.*, 380 U. S. 424 (1965), and in this instance, the answer is apparent from the plain language of § 1635(f). See *Good Samaritan Hospital* v. *Shalala*, 508 U. S. 402, 409 (1993).

The terms of a typical statute of limitation provide that a cause of action may or must be brought within a certain period of time. So, in *Reiter* v. *Cooper, supra*, at 263–264, we concluded that 49 U. S. C. § 11706(c)(2), providing that a shipper " 'must begin a civil action to recover damages under [§ 11705(b)(3)] within two years after the claim accrues,' " was a statute of limitation raising no bar to a claim made in recoupment. See Note, Developments in the Law: Statutes of Limitations, 63 Harv. L. Rev. 1177, 1179 (1950) (most statutes of limitation provide either that "all actions . . . shall be brought within" or "no action . . . shall be brought more than" so many years after "the cause thereof accrued" (internal quotation marks omitted)); H. Wood, 1 Limitation of Actions § 1, pp. 2–3 (4th ed. 1916) ("[S]tatutes which provide that no action shall be brought, or right enforced, unless brought or enforced within a certain time, are . . . statutes of limitation").

To be sure, a limitation provision may be held to be nothing more than a bar to bringing suit, even though its terms are ostensibly more ambitious than the language of the classic formulations cited above. Thus, for example, in *Distribution Servs., Ltd.* v. *Eddie Parker Interests, Inc.*, 897 F. 2d 811 (1990), the Fifth Circuit concluded that § 3(6) of the Carriage of Goods by Sea Act is a statute of limitation permitting counterclaim brought by way of recoupment, despite its fierce-sounding provision that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods," 46 U. S. C. App. § 1303(6).

Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy. See *Midstate Horticultural Co., supra,* at 360; *Burnett, supra,* at 427, n. 2; *Davis* v. *Mills,* 194 U. S. 451, 454 (1904).

The Act, however, has left even less to chance (if that is possible) than its "expire" provision would allow, standing alone. It is useful to look ahead to § 1640 with its provisions for recovery of damages. Subsection (e) reads that the 1-year limit on actions for damages "does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from

the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U. S. C. § 1640(e). Thus the effect of the 1-year limitation provision on damages actions is expressly deflected from recoupment claims. The quite different treatment of rescission stands in stark contrast to this, however, there being no provision for rescission as a defense that would mitigate the uncompromising provision of § 1635(f) that the borrower's right "shall expire" with the running of the time. Indeed, when Congress amended the Act in 1995 to soften certain restrictions on rescission as a defense in § 8, 109 Stat. 275–276, 15 U. S. C. §§ 1635(i)(1) and (2) (1994 ed., Supp. I), it took care to provide that any such liberality was "subject to the [three year] time period provided in subsection (f)," *ibid.*, and it left a borrower's only hope for further recoupment in the slim promise of § 1635(i)(3), that "[n]othing in this subsection affects a consumer's right of rescission in recoupment under State law." § 8, 109 Stat. 276.[6] Thus, recoupment of damages and rescission in the nature of recoupment receive unmistakably different treatments, which under the normal rule of construction are understood to reflect a deliberate intent on the part of Congress. See *Bates* v. *United States,* 522 U. S. 23, 29–30 (1997) ("'"[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"'") (quoting *Russello* v. *United States,* 464 U. S. 16, 23 (1983), in turn quoting *United States* v. *Wong Kim Bo,* 472 F. 2d 720, 722 (CA5 1972)). And the distinction thus indicated makes perfectly good sense. Since a statutory right of rescission could cloud a bank's title on foreclosure,

---

[6] Since there is no claim before us that Florida law purports to provide any right to rescind defensively on the grounds relevant under the Act, we have no occasion to explore how state recoupment law might work when raised in a foreclosure proceeding outside the 3-year period.

Congress may well have chosen to circumscribe that risk, while permitting recoupment damages regardless of the date a collection action may be brought. See Board of Governors of Federal Reserve System, Annual Report to Congress on Truth in Lending for the Year 1971, p. 19 (Jan. 3, 1972); National Commission on Consumer Finance, Consumer Credit in the United States 189–190 (Dec. 1972).

We respect Congress's manifest intent by concluding that the Act permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run. Accordingly, we affirm the judgment of the Supreme Court of Florida.

*It is so ordered.*