

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Hall v. GMAC Mtg Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hall v. GMAC Mtg Corp" (2007). *2007 Decisions.* Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2556

———————

EDWARD K. HALL; ETHEL M. HALL

v.

GMAC MORTGAGE CORPORATION PAYOFF PROCESSING UNIT

Edward K. Hall,
                                              Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-1133
(Honorable Faith S. Hochberg)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007
Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(Filed: December 17, 2007)

———————

OPINION OF THE COURT

———————

PER CURIAM.

        Edward K. Hall appeals pro se from the District Court's orders granting the

GMAC Mortgage Corporation's ("GMAC") motion for summary judgment.  For the

following reasons, we will affirm.

Edward Hall refinanced his home mortgage on November 24, 1993; the mortgage and note were later assigned to GMAC. In December 2005, Hall requested a mortgage payoff statement from GMAC. GMAC provided a statement listing a payoff amount of $5,338.80 as of December 5, 2005, and provided a per diem rate for any payments made after that date. On December 21, 2005, Hall made out a check to GMAC for exactly $5,338.80. Upon receipt of the check, GMAC notified Hall of the remaining mortgage balance and applicable fees.

Instead of paying the amount owing, Hall filed a complaint in the United States District Court for the District of New Jersey, alleging that GMAC failed to satisfy the mortgage.[1] GMAC moved for summary judgment, noting that it had elected to mark the mortgage as satisfied because of "Mr. Hall's persistent [and meritless] filings" and based on a "cost/benefit rule of business." By order entered April 20, 2007, the District Court granted GMAC's motion for summary judgment as to Hall's breach of contract claim. Because Hall's submissions also appeared to raise a Truth in Lending Act ("TILA") claim, the District Court further ordered that he provide a "short, concise submission . . . stating the specific actions of Defendant that violated specific provisions of the Truth in Lending Act." Hall failed to do so, and, on May 15, 2007, the District Court granted GMAC's summary judgment motion as to all claims. Hall appealed.

_____

[1] Although Edward Hall's wife, Ethel, was initially named as a plaintiff, the District Court later granted her request to withdraw from the case.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over an order granting summary judgment. See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The District Court properly dismissed Hall's breach of contract claim as moot. Because federal courts may adjudicate only actual, ongoing cases or controversies, an action becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). "A central question in determining mootness is whether a change in circumstances since the beginning of the litigation precludes any occasion for meaningful relief." Old Bridge Owners Co-op. Corp. v. Twp. of Old Bridge, 246 F.3d 310, 314 (3d Cir. 2001). During the District Court proceedings in this case, GMAC marked the mortgage satisfied to avoid additional litigation costs. Because this fulfilled Hall's demand for relief, the breach of contract claim was rendered moot.[2]

---

[2] In the District Court, Hall alleged that GMAC provided him with a "phoney set of papers." There is no evidence of this whatsoever. On appeal, Hall baldly claims that GMAC continues to "deprive[] [him] of retained Escrow Funds." But the payoff sheet clearly indicates that $823.69 in escrow funds were subtracted from the amount due, resulting in a total payoff amount of $5,338.80.

Furthermore, GMAC was entitled to judgment as a matter of law with respect to Hall's claim for rescission of the mortgage under the TILA. After attempting to raise this claim in his "Narrative Statement of Facts to be Presented at Trial," the District Court directed him to explain in detail how GMAC Mortgage Corporation ("GMAC") violated the Act. Hall responded by submitting a document, entitled "Appeal," which failed to address the TILA. On appeal, Hall asserts that the District Court "overlooked the fact that [his "Narrative Statement" contained a request under the TILA for] declaratory, injunctive, and other equitable relief." We conclude that even if Hall adequately presented a TILA claim in his "Narrative Statement," such a claim was untimely. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985) (holding that District Court's grant of summary judgment may be affirmed on any basis supported by the record). When a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the TILA provides for a rescission deadline of three business days from the point of consummation of the transaction. See 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). This rescission period can be extended to three years after consummation if the lender fails to meet the disclosure requirements of the TILA. See 15 U.S.C. § 1635(f). In this case, because Hall refinanced his home mortgage on November 24, 1993, but, by his own admission, did not seek rescission until December 21, 2005, he could not bring a claim under the TILA for rescission of the mortgage. See Beach v. Ocwen Federal Bank, 523 U.S. 410, 419 (1998) (concluding "that the [TILA] permits no

federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run.").

For these reasons, we will affirm the District Court's orders granting GMAC's motion for summary judgment.