**Tony HENDERSON, et al.,**
**Plaintiffs–Appellants,**

v.

**GMAC MORTGAGE CORP., et al., Defendants–Appellees.**

No. 08–35382.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2009.*

Filed Sept. 24, 2009.

George Anthony Kolin, Washougal, WA, for Plaintiffs–Appellants.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Erin Stines, David Weibel, Bishop White & Marshall, PS, Seattle, WA, for Defendants–Appellees.

Before: PREGERSON and BEA, Circuit Judges, and MAHAN,** District Judge.

## MEMORANDUM ***

In September 2004, appellants Tony and Carol Henderson defaulted on a refinanced home loan that had been sold and assigned to GMAC Mortgage Corporation and was being serviced by First Mortgage Loan Servicing (collectively "GM FMLS"). The Hendersons claim that, after they missed two payments, they entered into an oral contract with GM FMLS under which they would bring their account current through a series of payments and, in exchange, GM FMLS would not initiate foreclosure proceedings. Later, when the Hendersons failed to make a payment equal to the total arrearage plus interest, GM FMLS began the non-judicial foreclosure process.

The Hendersons then filed for bankruptcy, staying the foreclosure proceeding. Six months later, they sued GM FMLS for, among other things, 1) breach of contract, 2) negligent infliction of emotional distress, 3) illegal foreclosure, and 4) violations of the Truth in Lending Act ("TILA"). The district court excluded the affidavit of Tony Henderson's brother and proposed expert, T.J. Henderson, and granted summary judgment on all claims in favor of GM FMLS. We affirm.

■ We review a district court's decision to exclude expert testimony for abuse

of discretion. *United States v. Seschillie*, 310 F.3d 1208, 1211 (9th Cir.2002). The district court did not abuse its discretion in excluding T.J. Henderson's affidavit. Federal Rule of Evidence 702 provides that,

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

T.J. Henderson provided little information about where and when he obtained his education and training, his conclusions lacked factual support, and the opinions he provided required no scientific, technical, or other specialized knowledge.

■ We review a district court's grant of summary judgment de novo. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir.2003). The district court did not err when it found no binding oral contract between the Hendersons and GM FMLS because there was no evidence that the parties agreed upon a date by which the account must be made current. *See DePhillips v. Zolt Constr. Co.*, 136 Wash.2d 26, 959 P.2d 1104, 1107 (1998). Because the Hendersons' emotional distress claim was based solely on the breach of this non-existent oral contract, the district court correctly granted summary judgment on that claim as well. *See Gaglidari v. Denny's Rests., Inc.*, 117 Wash.2d 426, 815 P.2d 1362, 1372 (1991).

---

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court also correctly determined that the Hendersons could not recover on their illegal foreclosure claim because no foreclosure has occurred and because GM FMLS had the right to foreclose after the Hendersons' default.

The Hendersons' arguments regarding their right to rescind their loan based on TILA violations are unpersuasive. No right to rescind existed here because the Hendersons received a timely notice of right to cancel, as evidenced by their signatures on the document. *See* 15 U.S.C. § 1641(b). They failed to exercise that right within the requisite time period.

Further, the statute of limitations on their TILA damages claims expired in November 2003. *See* 15 U.S.C.A § 1640(e); *see also King v. California,* 784 F.2d 910, 915 (9th Cir.1986). These claims cannot be salvaged under a theory of recoupment because the Hendersons, not GM FMLS, initiated this action. *See Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 415, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). Further, the district court could require the Hendersons to prove their ability to comply with requirements of 15 U.S.C. § 1635(b) before granting them the right to rescind the loan. *See Yamamoto v. Bank of N. Y.,* 329 F.3d 1167, 1173 (9th Cir.2003).

Finally, there is no valid basis for disregarding the April 6, 2005, letter submitted by GM FMLS, which letter notified the Hendersons that their right to rescind had expired in November 2002.

**Affirmed.**