16-1918-cv
Reinhart v. CitiMortgage, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand seventeen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                                    *Circuit Judges*.
_____
EDWARD J. REINHART,

                             *Plaintiff-Appellant*,


          v.                                        No. 16-1918-cv

CITIMORTGAGE, INC., ASHLEY S. MILLER,
VIRGINIA GRAPENSTER, WILLIAM KNOX,
ROSICKI, ROSICKI & ASSOCIATES, P.C., CYNTHIA
ROSICKI, AKERMAN LLP, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., TOM
P. ROSICKI, DEBORAH M. GALLO,
                             *Defendants-Appellees,*

LAURA STRAUSS, ANTHONY P. LUCKIE,
                                    *Defendants*.
_____


FOR APPELLANT:            Edward J. Reinhart, *pro se*, Rensselaerville, New York.

1

FOR APPELLEES:                    Jordan M. Smith, Akerman LLP, New York, New York, *for* Defendants-Appellees CitiMortgage, Inc., Ashley S. Miller, Akerman LLP, and Mortgage Electronic Registration Systems, Inc.

Lijue Philip, Rosicki, Rosicki & Associates, P.C., Plainview, New York, *for* Defendants-Appellees Virginia Grapenster, William Knox, Rosicki, Rosicki & Associates, P.C., Cynthia Rosicki, Tom P. Rosicki, and Deborah M. Gallo.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 30, 2016 judgment of the district court is AFFIRMED.

Plaintiff Edward Reinhart, proceeding *pro se*, appeals from the dismissal of his claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Reinhart contends that (1) he did not need to plead actual damages under RESPA because he sought a declaratory judgment; (2) he satisfactorily pleaded statutory damages by alleging a pattern of RESPA violations; (3) the Qualified Written Request/Notice of Rescission ("QWR") he sent to CitiMortgage, Inc. effected a rescission, which defendants failed timely to challenge; and (4) the right to rescind under TILA did not expire because he sought a declaratory judgment.

We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the alleged facts as true and drawing all reasonable

2

inferences in plaintiff's favor. *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015).

Nevertheless, "bald assertions and conclusions of law will not suffice" to avoid dismissal, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted), nor will factual "allegations that are wholly conclusory," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). Rather, a complaint must plead sufficient "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying these standards here, we assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

We conclude that plaintiff's RESPA claim was time-barred and, therefore, properly dismissed on that ground. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997) ("It is beyond cavil that an appellate court may affirm the judgment of the district court on any ground appearing in the record."). A servicer of a mortgage loan regulated by RESPA must respond with a written acknowledgement to a QWR within five business days of receipt, and, within thirty business days of receipt, the servicer must either take action with respect to the inquiry or provide an explanation for why it is not required to or cannot take such action. *See* 12 U.S.C. § 2605(e)(1), (2). Any action based upon a violation of these requirements must be commenced within three years of such violation. *See id.* Reinhart states that he sent his QWR, dated February 22, 2011, on July 24, 2011.

Accepting him at his word, the three-year statute of limitations necessarily expired in or about the fall of 2014, well before plaintiff filed his first complaint on September 10, 2015. Accordingly, we affirm the dismissal of Reinhart's RESPA claim.

In addition, Reinhart's TILA claim was properly dismissed as untimely. Under TILA, a borrower who enters into a credit transaction that secures a loan with an interest on his principal dwelling has a right to rescind the transaction. *See* 15 U.S.C. § 1635. The borrower retains the right to rescind "until midnight of the third business day following the consummation of the transaction," or until the lender delivers certain disclosures required under the act, whichever is latest. *Id.* § 1635(a). A loan is "consummated" when the "consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13); *Murphy v. Empire of Am., FSA*, 746 F.2d 931, 935 (2d Cir. 1984). If the lender fails to provide the requisite disclosures, the borrower's right to rescind expires three years after the consummation date of the transaction or upon the sale of the property, whichever is first. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 413 (1998); 15 U.S.C. § 1635(f). At the end of this three-year period, however, the borrower's right to rescind is "completely extinguish[ed]." *Beach v. Ocwen Fed. Bank*, 523 U.S. at 412. Reinhart consummated the mortgage and note on December 13, 2006. Thus, assuming CitiMortgage failed to deliver its required disclosures, Reinhart was permitted to rescind the transaction on or before December 13, 2009. Reinhart contends that he rescinded the

4

transaction through his July 24, 2011 QWR, but that is more than a year after his right to do so expired.   Consequently, Reinhart's TILA claim was properly dismissed.

We have considered all of Reinhart's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court