******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BANK OF AMERICA, NATIONAL ASSOCIATION *v.*
MICHAEL C. LA MESA ET AL.
(AC 38051)

Lavine, Mullins and Dubay, Js.

*Argued February 21—officially released May 9, 2017*

(Appeal from Superior Court, judicial district of
Litchfield, Marano, J. [foreclosure judgment]; J. Moore,
J. [motion to dismiss].)

*Michael C. La Mesa*, self-represented, the appellant
(named defendant).

*Pierre-Yves Kolakowski*, with whom, on the brief,
were *Christopher J. Picard* and *Elizabeth T. Timkov-
ich*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Michael La Mesa[1] appeals from the judgment of foreclosure by sale rendered in favor of the plaintiff, Bank of America, National Association. The sole issue on appeal is whether the defendant's April 22, 2015 notice of rescission, sent pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq., divested the court of subject matter jurisdiction. We affirm the judgment of the trial court.

After careful review of the record and the parties' appellate briefs, we conclude that the court was not divested of subject matter jurisdiction because the defendant's notice of rescission had no legal effect. "The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated." *Jesinoski* v. *Countrywide Home Loans, Inc.*, U.S. , 135 S. Ct. 790, 791, 190 L. Ed. 2d 650 (2015). Importantly, "the borrower's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, even if the required disclosures have never been made. . . . The [Truth in Lending Act] gives a borrower no express permission to assert the right of rescission as an affirmative defense after the expiration of the [three] year period." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Beach* v. *Ocwen Federal Bank*, 523 U.S. 410, 413, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998).

The loan in question was consummated on October 4, 2005, and the defendant's notice of rescission was sent on April 22, 2015, nearly ten years after the consummation of the loan. The time period to assert the right of rescission clearly has passed and the defendant is not entitled to assert the right of rescission as an affirmative defense. Accordingly, the defendant's claim is without merit.

The judgment is affirmed.

[1] The United States Internal Revenue Service was also named as a defendant and is not involved in this appeal. Our references to the defendant are to La Mesa.