**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3950
_____

BRIAN TIMM,
                              Appellant

v.

WELLS FARGO BANK, N.A.; DOES 1-100
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-08363)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: June 22, 2017)
_____

OPINION[*]
_____

PER CURIAM

 Brian Timm appeals from the order of the District Court dismissing his complaint.

We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

This matter arises from a $400,000 loan that Timm obtained from Wells Fargo Bank, N.A. ("Wells Fargo), although, as explained below, Timm disputes the actual source of the funds. The loan is evidenced by a note and secured by a mortgage on Timm's residence in Belmar, New Jersey. The transaction closed on March 14, 2008. In 2012, Wells Fargo filed a mortgage foreclosure action against Timm in New Jersey state court. The state court dismissed that action in 2015.

Several months later, Timm filed pro se the complaint at issue here. He asserted six claims under the Truth in Lending Act ("TILA"), but they are based on two principal allegations. First, although both the note and the mortgage identify Wells Fargo as the lender (ECF Nos. 1-1 at 1; 1-2 at 1), Timm alleged that Wells Fargo was not the true lender because a different entity (which he does not identify) actually funded the loan. Timm further alleged that Wells Fargo's failure to disclose the true lender's identity violated the disclosure requirements of 15 U.S.C. § 1638(a). Second, Timm alleged that he exercised his right to rescind the loan on that ground under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23 by sending Wells Fargo a notice of rescission on March 10, 2015. Timm further alleged that Wells Fargo failed to respond to that notice and to comply with the obligations that it triggered.

On the basis of these allegations, Timm requested numerous forms of relief, including damages, enforcement of Wells Fargo's rescission obligations (including an

order that it return approximately $90,000 that he has paid under the note), and an order directing Wells Fargo to file a satisfaction of mortgage. Timm also sought penalties under 15 U.S.C. § 1611, which imposes criminal liability for certain TILA violations.

Wells Fargo moved to dismiss under Fed. R. Civ. P. 12(b)(6). It argued, among other things, that: (1) Timm's claims for damages were barred by the one-year statute of limitations contained in 15 U.S.C. § 1640(e); (2) Timm's claims premised on rescission were barred by the three-year limitations period contained in 15 U.S.C. § 1635(f); and (3) Timm could not assert a private cause of action under TILA's criminal provision. The District Court agreed and dismissed Timm's complaint with prejudice after concluding that amendment would be futile. Timm appeals.[1]

## II.

Timm raises numerous arguments on appeal, but they turn largely on a single issue. TILA's one-year period for seeking damages and its three-year period for rescinding both run from the date that the transaction was consummated—i.e., the date on which the parties formed a contract. See In re Cmty. Bank of N. Va., 622 F.3d 275, 303 (3d Cir. 2010) (addressing 15 U.S.C. § 1640(e) and damages); Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1296 (3d Cir. 1978) (same); Smith v. Fid. Consumer Disc. Co., 898 F.2d 896, 902-03 (3d Cir. 1990) (addressing 15 U.S.C. §

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6). See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We review the denial of leave to amend a complaint for abuse of discretion. See id.

3

1635(f) and rescission). That issue is governed by state law. See Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989).

Timm argues that his claims are not untimely because his transaction with Wells Fargo was never consummated and these time periods thus never began to run. According to Timm, the transaction was never consummated because Wells Fargo did not disclose the true source of the funds.[2] This "true lender" theory of consummation has been "overwhelmingly rejected by [district] courts" in TILA cases, Fannon v. U.S. Bank, N.A., No. 16-cv-141-JD, 2016 WL 5108036, at *4 (D.N.H. Sept. 20, 2016), and the District Court properly rejected it in this case as well.

As an initial matter, if the parties never formed a contract as Timm claims, then there would be nothing to rescind. But leaving that point aside, it is clear that the parties formed a contract and thus consummated their transaction for TILA purposes. Under New Jersey law, a loan secured by a mortgage becomes effective at closing. See Zaman v. Felton, 98 A.3d 503, 507-08, 518 (N.J. 2014). According to Timm's allegations and the documents attached to his complaint, the parties executed the note and mortgage on March 14, 2008. There is no dispute that the transaction closed at that time, that Timm received the funds, or that he made payments under the terms of the note.[3] Instead,

---

[2] Timm argues that the District Court misapplied the Rule 12(b)(6) standard by failing to accept as true his allegations in this regard. Timm's allegation that the parties never formed a contract, however, is a legal conclusion that is not accepted as true for Rule 12(b)(6) purposes. See Great W. Mining & Mineral Co., 615 F.3d at 177.

[3] Timm alleges that Wells Fargo itself did not provide the $400,000 loan, but he does not

4

Timm alleges only that the funds did not really come from Wells Fargo. He argues that the parties' agreement was not supported by consideration for that reason. Even accepting as true Timm's conclusory assertion that Wells Fargo did not really provide the funds, however, Wells Fargo incurred, at the very least, the obligation to ensure that he received them. That obligation was sufficient consideration for Timm's obligations under the note and mortgage. See Continental Bank of Pa. v. Barclay Riding Acad., Inc., 459 A.2d 1163, 1171-72 (N.J. 1983).[4]

In sum, the transaction between Timm and Wells Fargo was consummated on March 14, 2008. Under TILA, Timm had one year after that to file suit for damages, see 15 U.S.C. § 1640(e), and three years after that to serve Wells Fargo with a notice of rescission, see 15 U.S.C. § 1635(f); see also Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792-93 (2015) (holding that a borrower must serve notice of rescission,

---

allege that he never received it. The only reasonable inference from his complaint is that he did. Timm's allegations and the documents attached to his complaint reveal that he made payments under the note totaling more than $90,000 over a period of several years. Given the nature of the transaction, it is not plausible that Timm would have done so if he never received the loan.

[4] Timm relies on the Ninth Circuit's decision in Jackson for the proposition that a transaction is not consummated for TILA purposes if the parties' agreement does not disclose the true identity of the lender. Jackson is inapposite. The documents at issue in that case did not identify any lender or guarantee any loan. See Jackson, 890 F.2d at 119, 121. The lender was identified and the loan was guaranteed only later, and the court held that the transaction was not consummated until then. See id. at 121. In this case, by contrast, both the note and the mortgage identified Wells Fargo as the lender, and the note both guaranteed and fixed the terms of the loan. In making this observation, we express no opinion on whether Wells Fargo's designation as the lender obligated it to make the loan by forwarding its own funds.

but need not file suit, within § 1635(f)'s three-year period).  Timm took neither action until 2015.  Thus, his claims for damages and rescission are long untimely.

Timm raises five other arguments that we will briefly address.  First, he argues that his claim for damages is not untimely because he sought damages in part for Wells Fargo's failure to respond to the notice of rescission that he sent in 2015.  We agree that Timm's claim for damages is not untimely to that extent, but it lacks merit.  TILA requires creditors to take certain steps when "an obligor exercises his right to rescind under [15 U.S.C. § 1635(a)]."  15 U.S.C. § 1635(b).  Under the limitations period of § 1635(f), Timm had three years to rescind as explained above.  Section 1635(f) is a statute of repose that extinguishes not only the ability to seek rescission but the right of rescission itself.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998); In re Cmty. Bank of N. Va., 622 F.3d at 301 n.18.  Thus, when Timm served his notice, he no longer had a right of rescission.  For that reason, his notice was not the exercise of a "right to rescind" under § 1635(a) that triggered any obligation on Wells Fargo.

Second, Timm argues that Wells Fargo waived its right to assert affirmative defenses by failing to respond to his notice.  Wells Fargo had no obligation to respond to the notice as just discussed.  And even if it did, Timm cites no authority for the proposition that failure to respond to a TILA notice of rescission constitutes a waiver of affirmative defenses in a subsequent court proceeding.  We are aware of none.

Third, Timm argues that the District Court erred in applying TILA's statutes of

6

limitations and repose at the Rule 12(b)(6) stage. A complaint may be dismissed for untimeliness under Rule 12(b)(6) when its untimeliness is apparent on its face. See Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015). The untimeliness of Timm's claims is apparent on the face of his complaint as explained above. We further note that the limitations period for rescinding is not subject to tolling. See In re Cmty. Bank of N. Va., 622 F.3d at 301 n.18. The limitations period for damages is, see Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3d Cir. 1998), but Timm raised no potential ground for tolling in the District Court and has raised none even on appeal.

Fourth, Timm argues that the District Court should have permitted him to "prosecute" Wells Fargo by seeking criminal penalties under 15 U.S.C. § 1611. As the District Court explained, however, that provision imposes criminal liability and does not create a private cause of action. See Vallies v. Sky Bank, 591 F.3d 152, 156 (3d Cir. 2009) (distinguishing between TILA provisions imposing criminal liability and those creating a private cause of action).

Finally, Timm argues that the District Court abused its discretion in dismissing his complaint without leave to amend. The District Court concluded that amendment would be futile, and we agree that amendment could not cure the defects discussed above. See Great W. Mining & Mineral Co., 615 F.3d at 175. Indeed, Timm has not specified any way in which he could amend his complaint if given the chance.

III.

For these reasons, we will affirm the judgment of the District Court.