NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN H. JOHNSON; PAULA A. JOHNSON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., as Successor-In-Interest to Washington Mutual Bank Its Successors and/or Assigns; DOES, 1-25, Inclusive, <br><br> Defendants-Appellees. | No. 16-56156 <br><br> D.C. No. 5:15-cv-02609-DDP-JEM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted July 11, 2017**

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Stephen H. Johnson and Paula A. Johnson appeal pro se from the district

court's order dismissing their action seeking declaratory relief under the Truth in

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lending Act ("TILA").  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Cervantes v. Countrywide*

*Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We may affirm on any

ground supported by the record. *Franklin v. Terr*, 201 F.3d 1098, 1100 n.2 (9th

Cir. 2000).  We affirm.

Dismissal of the Johnsons' action alleging a TILA claim for rescission was

proper because the Johnsons did not exercise their right of rescission within three

years of when they consummated the loan transaction.  *See* 15 U.S.C. § 1635(f);

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13, 419 (1998) (explaining that

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year

period").

**AFFIRMED.**