[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17615
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00494-WKW-GMB

JAMES BRYSON GRAHAM,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
JOHN G. STUMP,
Chairman & CEO WFB,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 23, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

James Bryson Graham, proceeding pro se, appeals the dismissal of his complaint brought under the Truth in Lending Act ("TILA") for failure to state a claim upon which relief can be granted. Graham contends that the district court erred in dismissing his complaint because he raised a plausible claim under TILA. After careful review, we affirm.

I.

In the late 1990s, Graham executed a number of promissory notes in favor of SouthTrust Bank, Wells Fargo's predecessor in interest. In 2000, after Graham defaulted on one of these notes, SouthTrust Bank used funds from a money market account that Graham also had with SouthTrust to offset that debt. Graham has since filed a number of actions alleging fraud, conversion, due process violations, and that Wells Fargo was required to surrender the original loan documents. All of these actions were dismissed.

In May 2016, Graham sent Wells Fargo a letter seeking to rescind his original promissory notes. He also requested the return of his "paid-in-full original, unaltered and verified debt instruments" within twenty days. In June 2016, Graham filed suit in the United States District Court for the Middle District of Alabama seeking return of his original loan documents and damages. He based

2

his claim on the TILA, Generally Accepted Accounting Principles ("GAAP"), and Supreme Court precedent.  Graham's case was referred to a magistrate judge, who recommended it be dismissed with prejudice for failure to state a claim.  The magistrate judge found both that the TILA did not require Wells Fargo to return Graham's original note, and that Graham's claim was time barred.  The district court dismissed Graham's claim, adopting the recommendation of the magistrate judge in full.

II.

We review <u>de novo</u> dismissals of actions for failure to state a claim upon which relief can be granted, accepting the factual allegations in the complaint as true.  <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1288 (11th Cir. 2010).   In addition, we construe <u>pro se</u> complaints liberally.  <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

The TILA requires creditors to provide consumers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412, 118 S. Ct. 1408, 1410 (1998); <u>see also</u> 15 U.S.C. §§ 1631, 1632, 1635, 1638.  If a creditor does not make the required disclosures, a borrower may sue for damages or rescission of the loan.  <u>See Beach</u> 523 U.S. at 412, 118 S. Ct. at 1410.  The TILA contains two separate limitations periods for filing actions.  For claims

3

seeking damages, actions must be brought within one year of the purported TILA violation.  15 U.S.C. § 1640(e).  For claims seeking rescission of a loan, actions must be brought within three years of the date of closing.  Id. § 1635(f); Beach, 523 U.S. at 411–12, 118 S. Ct. at 1409.

The district court properly dismissed Graham's complaint because his action was untimely.  While Graham is correct that Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. ___, 135 S. Ct. 790 (2015), recognized a right of rescission under the TILA, it also recognized that that right must be exercised "within three years after the transaction is consummated."  Id. at 792.  The loan instruments challenged in this case were executed in the late 1990s.  Wells Fargo's predecessor in interest, SouthTrust Bank, satisfied Graham's indebtedness with funds from his money market account in 2000.  But Graham did not send a letter seeking rescission until 2016.  As the transactions that are the subject of this suit happened over fifteen years ago, both the one-year limitations period for damages actions and the three-year limitations period for rescission actions have passed.  15 U.S.C. §§ 1635(f), 1640(e).  Graham does not argue that there is any basis for tolling the TILA statute of limitations, but instead argues that no statute of limitations should apply to his action.  He relies on a discussion of Alabama quiet title actions.  But Graham asserts a claim under the TILA, not an Alabama quiet title action.  Thus, Graham's complaint is time-barred.

4

Liberally construed, Graham's appeal may also be read to raise claims based on GAAP and the Due Process Clause of the U.S. Constitution.  To the extent that these claims were raised in the district court, the district court did not err in dismissing them for failure to state a claim upon which relief can be granted.  GAAP principles have no legal force standing alone.  Cf. Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1208 (11th Cir. 2001).  And private parties, including the defendants in this case, cannot be sued for violations of the Due Process Clause.  See Jackson v. Metro. Edison Co., 419 U.S. 345, 349, 95 S. Ct. 449, 453 (1974).  To the extent Graham raises these claims for the first time on appeal, they are waived.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

We affirm the district court's dismissal of Graham's action.

**AFFIRMED.**