**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0140-20

U.S. BANK NATIONAL
ASSOCIATION, not in its
individual capacity but
solely as trustee of NRZ
PASSTHROUGH TRUST II,

     Plaintiff-Respondent,

v.

DAVID D'AMBROSIA,

     Defendant-Appellant,

and

SUSAN D'AMBROSIA,
MRS. DAVID D'AMBROSIA,
his wife, MR. D'AMBROSIA,
husband of SUSAN D'AMBROSIA,
UNITED STATES OF AMERICA,
STATE OF NEW JERSEY,
DISCOVER BANK,
JACKSON CAPITAL, INC.,
MIDLAND FUNDING, LLC, and
NEW JERSEY NATURAL GAS,

     Defendants.

_____

Submitted January 11, 2022 – Decided February 23, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-024069-16.

Joseph Albanese, attorney for appellant.

Knuckles, Komosinski & Manfro, LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

In this foreclosure action, defendant appeals from the grant of summary judgment for plaintiff and the subsequent denial of defendant's motion for reconsideration, contending he was entitled to rescind the mortgage by recoupment because the original mortgage company failed to accurately disclose certain charges and he was permitted to raise a rescission defense at any time during the foreclosure proceedings. We disagree and affirm.

In 2004, defendant and his wife executed a promissory note in the amount of $375,000 to Intervale Mortgage Company (IMC). Defendant secured the note by executing a mortgage against a property located in Jackson, New Jersey, to Mortgage Electronic Registration Systems (MERS) as nominee for IMC. Defendant defaulted on the mortgage in 2009.

A-0140-20

In 2010, MERS assigned its rights under the note and mortgage to Household Finance Corporation III (HFC). Thereafter, HFC initiated foreclosure proceedings against defendant.

In late 2012, defendant and HFC executed a consent order prohibiting HFC from proceeding to a sheriff's sale before December 1, 2012 and requiring HFC to "mediate in good faith." If HFC failed to comply with the terms of the order, the trial court would permit defendant to reinstate his contesting answer. The parties proceeded to mediation in 2014.

On December 3, 2014, HFC offered defendant a loan modification. If defendant made a $9326.19 partial reinstatement payment by January 1, 2015, HFC would reduce his monthly principal and interest for the next sixty months. Defendant did not make the payment.

Six months later, defendant inquired about the loan modification. HFC informed defendant he was previously approved for a sixty-month modification with a decreased monthly principal and interest payment, but, because he had failed to make the required payment, he no longer qualified for the modification and foreclosure proceedings would continue against him. For reasons not disclosed in the record, there was no final judgment entered on this foreclosure complaint.

A-0140-20

In August 2015, HFC assigned its rights under the note and mortgage to plaintiff's predecessor—Wilmington Savings Fund Society (WSF). A year later, WSF filed a foreclosure complaint. In response to plaintiff's subsequent motion for summary judgment, defendant opposed the motion and moved for leave to file a second amended answer and counterclaims.

Following oral argument, the judge issued an oral decision on April 27, 2018. He noted defendant did not dispute that he executed the mortgage documents and defaulted on the mortgage, and he did not challenge the amount owed. Therefore, the court found WSF had established standing through "possession of the note prior to the filing of the foreclosure action and . . . a valid assignment."

The court then turned to defendant's proposed counterclaims. Although defendant raised a number of counterclaims and the court addressed each in turn, we only discuss the two that are at issue in this appeal.

Defendant asserted that plaintiff did not put all of the essential terms of the loan modification offer in writing—a violation of Regulation X of the Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. § 1024.41(c)(1)(ii). He sought money damages as his remedy. The judge found Regulation X was not a defense to a foreclosure complaint because even if defendant could prove a

violation, he was only entitled to money damages. The regulation did not prevent plaintiff from foreclosing on the property.

Defendant also contended he was entitled to a rescission of the mortgage under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 to -1667f, because the original lender failed to include a mortgage brokerage fee in the HUD-1 closing statement. The judge rejected this defense, finding the TILA rescission remedy had a three-year statute of limitations which had long expired. Therefore, the judge denied defendant's motion to amend, finding any amendment would be futile. The court granted summary judgment to plaintiff.

Defendant moved for reconsideration. In an oral decision, the judge denied the motion, finding the rescission claim was "barred by the three-year statute of limitations." The judge issued a written statement of reasons with the accompanying order on July 20, 2018. He explained why defendant's reliance on Beneficial Fin. Co. of Atl. City v. Swaggerty, 86 N.J. 602, 604-05 (1981), for the proposition that recoupment—and thus rescission by recoupment—was always available as a remedy was misplaced. The judge noted that the Supreme Court in Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998), "distinguished TILA claims for damages (such as those in Swaggerty) from claims for rescission and found" that no right to rescind existed beyond the three-year

A-0140-20

period set forth in 15 U.S.C. § 1635. Thus, he found <u>Swaggerty</u> was "not applicable to the facts in this case."

The judge also addressed defendant's Regulation X contention, noting that all his "claims [were] addressed to a prior loan servicer," HFC. He found that "where the violation is not attributable to the assignee mortgagee or to the original lender, but is instead attributable to some uncontrolled third-party, such as a broker, a claimant has no standing to sue the assignee mortgagee." Accordingly, the judge found the damages asserted "should not lie against" WSF.

On July 2, 2020, the court entered final judgment for plaintiff. This appeal followed.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. <u>Green v. Monmouth Univ.</u>, 237 N.J. 516, 529 (2019) (citation omitted). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 523 (1995).

A-0140-20

Our review of issues of law is de novo and we accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

We review a trial court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

On appeal, defendant renews his argument that the trial court erred in rejecting his rescission claim as time-barred and in granting judgment for plaintiff. He asserts he has a right to rescind the mortgage because of IMC's "failure to accurately disclose charges," and that this right "could be asserted as a defense in foreclosure by recoupment at any time."

Under TILA, mortgage lenders must "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach, 523 U.S. at 412. If a lender fails to make the required disclosures, "the borrower may rescind the

A-0140-20

loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." Id. at 411.

This right, however, "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f). The United States Supreme Court has clarified that this section imposing the three-year limit does not serve as a statute of limitations, but rather "govern[s] the life of the underlying right." Beach, 523 U.S. at 417. Therefore, the Court has held that TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Id. at 419. See also Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 262-63 (2015) (re-affirming Beach's holding that a borrower's right to rescission expires three years after mortgage origination).

Here, the original mortgage closed in January 2004. Defendant did not serve a notice of rescission on plaintiff until April 2018, after plaintiff moved for summary judgment. That was too late. Under TILA's three-year statute of limitations, 15 U.S.C. § 1635(f), defendant's right to rescission expired in January 2007—three years after he executed the note and mortgage.

Defendant's reliance on Swaggerty, 86 N.J. at 604, for the proposition that recoupment—and thus rescission by recoupment—is always available as a

remedy is misplaced. That case did not address a borrower's right to rescission under §1635; it dealt with recoupment of monetary damages under §1631(a) and §1639(a)(8). Id. at 605. As the Court in Beach noted, "recoupment of damages and rescission in the nature of recoupment receive unmistakably different treatments," reflecting a "deliberate intent on the part of Congress." 523 U.S. at 418.

Defendant further contends the trial court erred in denying his RESPA claim because HFC violated 12 C.F.R. § 1024.41 and 1024.38 by "failing to include the most significant, critical term of the loan modification offer." He seeks to recover money damages from plaintiff.

Regulation X requires mortgage servicers to "maintain policies and procedures that are reasonably designed to achieve" certain objectives. 12 C.F.R. § 1024.38(a). Parties may sue for money damages for a servicer's failure to comply with its requirements.

As the judge properly noted, defendant's claim under Regulation X is for money damages. Even if he could establish a valid claim, it would not impact plaintiff's ability to foreclose on the property.

Furthermore, Regulation X is limited in its application to mortgage servicers and only imposes duties on such entities. 12 C.F.R. § 1024.30 to - .41.

9

Plaintiff was not engaged in the origination or servicing of defendant's mortgage and did not become involved until its predecessor was assigned the mortgage in August 2015. Because plaintiff was not involved in the loan modification process, defendant cannot assert his RESPA claims against it. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 395 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994) (holding the fraud claim was "of no moment in this foreclosure action" where the party could not show that the plaintiff, "as mortgagee, either participated in or had knowledge of any fraud perpetrated by the mortgagors"). See also Christiana Tr. v. Riddle, 911 F.3d 799, 804 (5th Cir. 2018) (holding that the regulation's "text squarely settles the issue" because it only imposes duties on loan servicers, not on the lending bank, thus only servicers could fail to comply with the regulation and become liable to borrowers).

The trial court did not err in granting summary judgment and denying reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0140-20