NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAWN MICHAEL GAYDOS, *Plaintiff/Appellant*,

*v.*

OCWEN LOAN SERVICING, LLC, *Defendant/Appellee*.

No. 1 CA-CV 16-0072
FILED 3-23-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-009162
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

COUNSEL

Shawn Michael Gaydos, Phoenix
*Plaintiff/Appellant*

McCarthy Holthus & Levine PC, Scottsdale
By Paul M. Levine
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

**¶1**　　　Shawn Michael Gaydos appeals the superior court's judgment dismissing his claims for rescission and quiet title against Ocwen Loan Servicing, LLC. Because Gaydos grounded both claims on an argument that he had rescinded a loan modification agreement under the federal Truth in Lending Act—when he had not—we affirm the superior court's judgment in Ocwen's favor.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**　　　In 2005, Gaydos obtained a loan from Downey Savings and Loan Association, F.A. The loan was evidenced by a promissory note secured by a deed of trust encumbering real property in Phoenix, Arizona.

**¶3**　　　In 2012, Gaydos entered into a Loan Modification Agreement with Ocwen, the servicer of the loan. In 2015, Gaydos notified Ocwen of his "official election to rescind" the Loan Modification Agreement pursuant to the Truth in Lending Act ("TILA"). *See* 15 U.S.C.A. § 1635(a) (West 2011). Despite his election to rescind, Ocwen neither returned to Gaydos any "money or property" it had received from him nor terminated its security interest in the property.[2] *See* 15 U.S.C.A. § 1635(b).

**¶4**　　　Subsequently, Gaydos sued Ocwen, alleging claims for rescission and quiet title. Both claims rested on Gaydos's allegation that he

---

[1]We assume the truth of, and indulge all reasonable inferences from, the well-pled factual allegations. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 347 (2008) (citation omitted).

[2]"[R]escission triggers an unwinding process." *Paatalo v. JPMorgan Chase Bank,* 146 F. Supp. 3d 1239, 1243 (D. Or. 2015) (discussing 15 U.S.C.A. § 1635(b)).

had rescinded the Loan Modification Agreement under the TILA. Ocwen moved to dismiss Gaydos's complaint, and argued Gaydos had no right to rescind under the TILA. The superior court granted Ocwen's motion.

## DISCUSSION

I.      TILA Rescission—General Principles

**¶5**      The broad purpose of the TILA is to promote "the informed use of credit by assuring meaningful disclosure of credit terms to consumers."[3] *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559, 100 S. Ct. 790, 794, 63 L. Ed. 2d 22 (1980) (quotations and citations omitted); *see also Household Credit Servs., Inc. v. Pfennig,* 541 U.S. 232, 235, 124 S. Ct. 1741, 1744, 158 L. Ed. 2d 1741 (2004). "TILA . . . does not substantively regulate consumer credit but rather requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction."[4] *Hauk v. JPMorgan Chase Bank USA,* 552 F.3d 1114, 1120 (9th Cir. 2009) (quotations and citations omitted).

**¶6**      A borrower may rescind a transaction under the TILA unconditionally within three business days "following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later [.]"[5] 15 U.S.C.A. § 1635(a); *see also Jesinoski v. Countrywide Home Loans, Inc.*, __

---

[3]The adjective "consumer" characterizes a credit transaction "as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C.A. § 1602(i) (West 2010); *see also* 12 C.F.R. § 226.2(a)(12) (West 2011).

[4]TILA requires a lender to provide a borrower "with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408, 1410, 140 L. Ed. 2d 566 (1998); *see also* 12 C.F.R. § 226.23(a)(3) n. 48 (West 2009) (defining "material disclosures").

[5]"Consummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).

U.S. __, 135 S. Ct. 790, 792, 190 L. Ed. 2d 650 (2015); *Paatalo v. JPMorgan Chase Bank,* 146 F. Supp. 3d 1239, 1243 (D. Or. 2015). This right to rescind, however, does not last indefinitely. Even if a lender never makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever [occurs] first." *Jesinoski* __ at __, 135 S. Ct. at 792 (citing 15 U.S.C.A. § 1635(f)); see also *Paatalo*, 146 F. Supp. 3d at 1243; *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1059 (N.D. Cal. 2009) (citing 12 C.F.R. § 226.23(a)(3)).

¶7        A right of rescission does not extend, however, to, as relevant here, (i) "a residential mortgage transaction,"[6] or (ii) "a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property." 15 U.S.C.A. § 1635(e)(1), (2).

II.       Gaydos's Rescission Claim

¶8        Although Gaydos conceded in the superior court that he could not have rescinded the 2005 loan transaction because it constituted a residential mortgage transaction, *see* 15 U.S.C.A. § 1635(e)(1), he argues on appeal, as he did in the superior court, that he had a right to rescind the Loan Modification Agreement under the TILA. Because his argument rests on applying the TILA as a matter of law, we exercise de novo review. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We reject this argument.

¶9        Although a loan refinancing of a residential mortgage by a different creditor, rather than the original creditor, can create new disclosure requirements and a right of rescission, *see* 15 U.S.C.A. § 1635(e)(2), the new obligation must also completely satisfy and replace the old obligation. *See* 12 C.F.R. § 226.20(a) (West 2013); 12 C.F.R. § 226.20(a) Supp I (West 2011). "Thus, mere changes to the terms of an existing obligation do not give rise to a right of rescission unless accomplished by the cancellation of that obligation and the substitution of a new obligation."

---

[6]A residential mortgage transaction is "a transaction in which a . . . deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C.A. § 1602(x) (West 2010).

*Castrillo v. Am. Home Mortg. Servicing, Inc.,* 670 F. Supp. 2d 516, 527 (E.D. La. 2009) (quotation and citation omitted); *see also In re Sheppard v. GMAC Mortg. Corp.,* 299 B.R. 753, 763-64 (Bankr. E.D. Pa. 2003) (citing cases).

**¶10**　　　　By its terms, the Loan Modification Agreement did not satisfy the 2005 loan or replace it with a new obligation; it merely modified an existing obligation and amended certain payment terms.[7] Therefore, the Loan Modification Agreement did not give rise to disclosure requirements or rescission rights under U.S.C.A. § 1635(a). Accordingly, the superior court properly dismissed Gaydos's rescission and his quiet title claims as both claims were predicated on his argument he had rescinded the Loan Modification Agreement.[8]

---

[7]The Modification Agreement provided:

[I agree that] all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Servicer and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

[8]Although the superior court did not dismiss Gaydos's complaint for this reason, we may affirm the superior court's dismissal of Gaydos's complaint because 12 C.F.R. § 226.20(a) is dispositive. *See Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993).

**CONCLUSION**

**¶11**  For the foregoing reasons, we affirm. In our discretion, we deny Ocwen's request for attorneys' fees pursuant to A.R.S. § 12-341.01 (2016). As the prevailing party on appeal, however, we award Ocwen its costs on appeal contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA