**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3385
_____

DENISE OTTO,
Appellant

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; U.S. BANK N.A., as Trustee for BNC Mortgage Loan Trust 2006-2;
PHELAN HALLINAN, LLP, a/k/a Phelan Hallinan Diamond & Jones PC, a/k/a
Phelan Hallinan & Diamond PC, a/k/a Phelan Hallinan & Schmieg, P.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-08240)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2017

Before: RESTREPO, SCIRICA and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Denise Otto filed suit against the defendants, alleging that on August 30, 2006, to purchase a property in Irvington, New Jersey, she executed to BNC Mortgage, Inc., ("BNC") an adjustable rate note to secure the sum of $160,000. At that time, BNC identified itself as a Delaware corporation. Complaint, Ex. A. Also on August 30, 2006, to secure the note, she executed a mortgage on the property to Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for the lender, BNC. Id. at Ex. B. In her complaint, Otto described Wells Fargo Bank, N.A. ("Wells Fargo") as the servicer of her loan documents, and U.S. Bank, N.A. ("U.S. Bank") as a bank claiming an interest in the property. She alleged that the final defendant, Phelan Hallinan, LLP,[1] on behalf of Wells Fargo, filed a frivolous foreclosure complaint against her.

According to her complaint, Otto sent notices of rescission to BNC's registered agent, MERS, Wells Fargo, and U.S. Bank on August 15, 2015. MERS, Wells Fargo, and U.S. Bank did not contest the notice of rescission; BNC's agent could not accept service. Otto learned from BNC's agent and otherwise that BNC was a California corporation that had surrendered its authority to do business as a Delaware corporation in 1998. Complaint, Ex. E & Ex. F.

Otto claimed that she had a right to rescind the transaction because BNC violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, by describing itself as a Delaware

---

constitute binding precedent.

[1] For convenience, we use the first of the alternative names provided for the law firm defendant.

corporation at closing, pretending to be the lender when it no longer existed as a Delaware corporation, and failing to disclose the identity of the true lender. In the first three counts of her complaint, citing 15 U.S.C. § 1635, 15 U.S.C. § 1638(a)(1), and 12 C.F.R. § 226.23, she seeks to enforce the rescission she claims to have effectuated by mailing the notices of rescission. In the fourth, she maintains that the transaction was never consummated because she did not know the identity of the lender (and because it was never consummated, the three-year deadline on the right to rescind has not passed). In count five, Otto contends that Wells Fargo and Phelan Hallinan, LLP violated a criminal statute, 15 U.S.C. § 1611, by pursuing the foreclosure and seeking a sheriff's sale on a loan that they knew had been validly rescinded. Lastly, she seeks restitution under 12 C.F.R. § 1026.23 on the basis that the defendants ignored the rescission. As relief, in addition to various statutory and other damages, she requested the return of the original note marked cancelled, the return of the mortgage, and the filing of a satisfaction of the mortgage.

MERS, Wells Fargo, and U.S. Bank file a motion to dismiss Otto's complaint against them for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. The defendants cited, inter alia, the Rooker-Feldman doctrine,[2] and argued that the action was an impermissible collateral attack on a final judgment entered in a state

---

[2] The doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

court foreclosure action on August 14, 2014.  Phelan Hallinan, LLP also filed a motion to dismiss the complaint, making similar arguments.

The District Court granted the defendants' motion and dismissed the complaint. After taking judicial notice of the documents in the state foreclosure proceeding, the District Court concluded that Otto's action was barred by the Rooker-Feldman doctrine. To the extent that Otto's complaint included any claims that did not implicate the validity of the foreclosure judgment, the District Court dismissed them on other bases argued by the defendants.  Specifically, the District Court cited res judicata, the New Jersey entire controversy doctrine, the time limits for getting redress for TILA violations, a litigation privilege, and the lack of a civil action relating to the named criminal statute.

Otto appeals.[3]  We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review.  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009); see also Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) ("Our review of the district court's application of the Rooker-Feldman doctrine is plenary.").  We may affirm the judgment of the District Court on any basis supported by the record.  See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

---

[3] Phelan Hallinan, LLP previously sought to dismiss this appeal because Otto did not initially submit an appendix.  We rejected the motion and granted Otto leave to file an appendix out-of-time.  See Order of Feb. 3, 2017.

Rooker-Feldman is a narrow doctrine, limited to cases brought by state-court losers complaining of injuries caused by previously rendered state-court judgments and inviting district court review and rejection of those judgments. Lance v. Dennis, 546 U.S. 459, 464 (2006) (quotation marks and citation omitted). To the extent that Otto's complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the Rooker-Feldman doctrine bars the suit. See In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005).

To the extent Otto complained not of injuries caused by the state court judgment, but injuries caused by violations of federal law that occurred before or after the judgment, see Turner, 449 F.3d at 547, her TILA claims fail for other reasons. Otto no longer had a right to rescind her loan transaction under § 1635 when she sent her notices of rescission; the right of rescission expires three years after the date of consummation of a transaction notwithstanding a failure to provide relevant TILA disclosures.[4] See 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998). Otto entered into the loan transaction on August 30, 2006; she did not send the notices of rescission until August 15, 2015. Furthermore, a one-year statute of limitations bars her claims for money damages for any TILA violation. See 15 U.S.C. § 1640(e).

---

[4] We do not decide if a TILA violation occurred when BNC's state of incorporation was misidentified. But even if it can be said, as Otto asserts, that the misidentification could be equated to a failure to provide the relevant required disclosures, that failure would not

Lastly, Otto cannot bring a private civil cause of action under the criminal statute that she cited. See Vallies v. Sky Bank, 591 F.3d 152, 156 (3d Cir. 2009) (distinguishing between the private cause of action under 15 U.S.C. § 1640 and the criminal liability imposed by 15 U.S.C. § 1611 in describing the range of remedies under TILA); see also, e.g., United States v. City of Phila., 644 F.2d 187, 198-99 (3d Cir. 1980).

For these reasons, and upon concluding that none of the other arguments that Otto raises in her brief undermines the District Court's ruling, we will affirm the District Court's judgment.

---

mean that the loan was not consummated.