**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 6 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK T. MAJOR, | No. 16-56016 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02592-CAS-DTB |
| v. | |
| IMORTGAGE.COM. INC., its Successors and/or Assigns; DOES, 1-25 Inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 24, 2017[**]

Before:      THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Patrick T. Major appeals pro se from the district court's judgment dismissing

his action seeking declaratory relief under the Truth in Lending Act ("TILA"). We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v.*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995) (motion to vacate under Fed. R. Civ. P. 60(b)(4)). We affirm.

The district court properly dismissed Major's action as untimely because Major did not exercise his right of rescission under TILA within three years of when he consummated the loan transaction. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13, 419 (1998) (explaining that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

The district court properly denied Major's motion to vacate the judgment under Rule 60(b)(4) because Major failed to establish grounds warranting relief. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-71 (2010) (explaining that a judgment is not void "simply because it is or may have been erroneous," rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard" (citations omitted)).

**AFFIRMED.**

16-56016