NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJESH VARMA; MAHIMA VARMA,

Plaintiffs-Appellants,

v.

AMERICA'S WHOLESALE LENDER, Its
Successors and/or Assigns,

Defendant-Appellee.

No. 16-56440

D.C. No. 5:15-cv-02608-JGB-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 26, 2017**

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Rajesh Varma and Mahima Varma appeal pro se from the district court's

judgment dismissing sua sponte their action alleging violations of the Truth in

Lending Act ("TILA") and state law claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 1987). We affirm.

The district court properly dismissed the Varmas' action alleging a TILA claim for rescission because the Varmas did not exercise their right of rescission within three years of when they consummated the loan transaction. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13, 419 (1998) (explaining that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to amend where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56440