NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARID GHALEHTAK; SHIRIN TABATABAI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FNBN I, LLC, its successors and/or assigns, <br><br> Defendant-Appellee. | No. 16-16742 <br><br> D.C. No. 3:15-cv-05821-LB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted June 26, 2017[***]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Farid Ghalehtak and Shirin Tabatabai appeal pro se from the district court's

judgment dismissing their action alleging violations of the Truth in Lending Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("TILA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed plaintiffs' TILA claim for rescission as time-barred because plaintiffs did not exercise their right of rescission within three years of when they consummated the loan transaction. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13, 419 (1998) (explaining that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

The district court properly dismissed plaintiffs' TILA claim for actual damages under 15 U.S.C. § 1641(g) because plaintiffs failed to allege facts sufficient to show that they detrimentally relied on appellee's failure to provide notice of the transfer of plaintiffs' loan to appellee. *See* 15 U.S.C. § 1641(g); *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) (detrimental reliance is an element of a TILA claim for actual damages).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' motion for leave to file an amended opening brief (Docket Entry No. 16) is denied.

**AFFIRMED.**