[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16531
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00445-PGB-KRS

SHERONE WAISOME,
VERNA WAISOME,

Plaintiffs - Appellants,

versus

JP MORGAN CHASE BANK NA,
ALL PERSONS OR ENTITIES UNKNOWN,
claiming any legal or equitable right, title, estate, lien
or interest in the property described in this complaint
adverse to Plaintiffs' title or any cloud upon Plaintiffs'
title thereto, DOES 1-25,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 11, 2017)

Before JORDAN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

This is an unfortunate case. Upon discovering that their lender had failed to make certain required disclosures, Sherone and Vera Waisome sought to rescind the mortgage by mailing the lender's successor in interest, JPMorgan Chase Bank NA ("Chase"), a notice of rescission. Chase instituted foreclosure proceedings, and the Florida courts determined that the Waisomes had not timely rescinded their mortgage because they did not sue Chase to rescind within the statutorily-prescribed period. This was erroneous—as the Supreme Court later clarified, consumers like the Waisomes need only give their lenders written notice, not initiate suits against them, to rescind their mortgages. But because the *Rooker-Feldman* doctrine prevents us from reviewing the Florida foreclosure proceeding, the Florida courts' judgment binds the Waisomes, even though it is wrong. We thus affirm the district court's dismissal of the Waisomes' federal complaint.

## I.    FACTUAL BACKGROUND

Two years after the Waisomes built their own home, Washington Mutual Bank FA solicited them to refinance their home mortgage with a promise of a better rate.[1] Sherone Waisome met with a loan officer and applied to refinance the Waisomes' mortgage, signing a loan application indicating that he earned $4,000

---

[1] Because this case comes before us at the motion to dismiss stage, we accept as true all well-pled facts from the Waisomes' complaint. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014).

per month.  Vera Waisome was not present and did not sign the application.

Washington Mutual gave Sherone no written disclosure statement concerning the

loan's interest rate, required monthly payment, or applicable fees, nor did it give

him a consumer handbook on adjustable rate mortgages.  It also did not inform

Sherone until a few hours before the closing that Vera's ownership interest in the

mortgage would be at risk unless she signed it as well.  The loan officer verbally

represented to Sherone that (1) the loan's interest rate would be fixed at 6.25%; (2)

total monthly payments, including all escrow payments, would not exceed $2,100;

(3) there would be no prepayment penalty or origination points on the loan; and (4)

fees and closing costs would not exceed normal customary charges.

The loan closed on August 29, 2007.  The Waisomes felt rushed during the

closing; they felt that Washington Mutual did not give them adequate time to

review the documents they were signing.  Washington Mutual did not provide the

Waisomes copies of the documents they signed, telling them it would mail them

the executed documents.  The Waisomes received their copy of the executed

documents approximately one week later, but did not review their contents.

Approximately two years later, on September 29, 2009, Chase, a purported

assignee of the Waisomes' note and mortgage, instituted in the Florida Circuit

Court a judicial foreclosure proceeding on the Waisomes' home, asserting that the

Waisomes had defaulted on their mortgage payments.  The Waisomes reviewed for

the first time the information that Washington Mutual had mailed them and discovered that several required disclosures were missing. They further discovered that the mortgage had an adjustable 8.35% interest rate that could be raised up to 13.375%, that additional fees had been included on the loan, and that Sherone's income had been inflated.

On October 2, 2009, the Waisomes mailed Chase a notice purporting to rescind the mortgage under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Later that month, they filed the notice of rescission on the state court docket in the foreclosure proceeding and mailed Chase's counsel a letter informing Chase of the rescission. Chase did not challenge the notice of rescission within 20 days, but instead sent the Waisomes a letter acknowledging their notice of rescission several months later, without offering to tender or cancel the mortgage. Chase continued to pursue foreclosure in state court. In their answer to Chase's complaint, the Waisomes raised their alleged rescission, which they asserted had been timely executed, as an affirmative defense.

The Florida Circuit Court granted summary judgment to Chase. It determined, among other things, that TILA's three-year statute of repose barred the Waisomes' TILA defense, citing to case law holding a consumer must sue his lender upon his notice of rescission to enforce the right to rescind. The Waisomes appealed to the Florida District Court of Appeal, which affirmed. The Waisomes

4

moved for rehearing, for written opinion, and for rehearing en banc; the District Court of Appeal denied their motion and issued its mandate.

The Waisomes, proceeding *pro se*, sued Chase in the district court, seeking a declaration that (1) they had validly rescinded their mortgage; (2) Chase's foreclosure on their property was null and void; (3) any documents recorded on or against the property, as well as any security interest in the property, were null and void; and (4) they were entitled to the return of any money or property they had paid or transferred to anyone, including Chase, in connection with the mortgage transaction. Chase moved to dismiss the Waisomes' complaint on the grounds that the *Rooker-Feldman* doctrine and res judicata barred their claim. The district court granted Chase's motion to dismiss, determining that the *Rooker-Feldman* doctrine and res judicata precluded review of the Waisomes' claim, as the Florida courts had already determined the Waisomes had not timely rescinded their mortgage.

This is the Waisomes' appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.    ANALYSIS

The Waisomes argue that the district court erred in dismissing their suit under the *Rooker-Feldman* doctrine, which bars a district court from exercising jurisdiction to review a state court judgment.  The Florida courts have already considered and rejected the Waisomes' position that they timely rescinded their loan under TILA.  The district court had no power to declare otherwise, regardless of whether the Florida courts were right or wrong.  It thus properly dismissed the Waisomes' suit.

Under the *Rooker-Feldman* doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).[2]  District courts thus cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005), "even if

---

[2] "The [*Rooker-Feldman*] doctrine is also shaped by 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction, rather than appellate jurisdiction, of all civil actions arising under federal law."  *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 n.6 (11th Cir. 2010) (citing 28 U.S.C. § 1331) (internal quotation marks omitted).

6

said judgment was wrong," *Nicholson*, 558 F.3d at 1271.  The *Rooker-Feldman*
doctrine applies

> where four criteria are met: (1) the party in federal court is the same as
> the party in state court; (2) the prior state court ruling was a final or
> conclusive judgment on the merits; (3) the party seeking relief in
> federal court had a reasonable opportunity to raise its federal claims in
> the state court proceeding; and (4) the issue before the federal court
> was either adjudicated by the state court or was inextricably
> intertwined with the state court's judgment.

*Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003).  "A
claim is inextricably intertwined if it would effectively nullify the state court
judgment, . . . or it succeeds only to the extent that the state court wrongly decided
the issues."  *Casale*, 558 F.3d at 1260 (internal quotation marks omitted).

TILA "requires creditors to provide borrowers with clear and accurate
disclosures of terms dealing with things like finance charges, annual percentage
rates of interest, and the borrower's rights."  *Beach v. Ocwen Fed. Bank*, 523 U.S.
410, 412 (1998).  When a consumer's principal dwelling secures a loan made in a
consumer credit transaction, TILA allows a consumer to "rescind the transaction
until [the later of] midnight of the third business day following the [transaction's]
consummation" or "delivery of . . . the material disclosures."  15 U.S.C. § 1635(a).
If the creditor never makes the disclosures, a borrower's "right of rescission shall
expire three years after the date of consummation of the transaction or upon the
sale of the property, whichever occurs first."  *Id.* § 1635(f).  "[R]escission is

7

[timely] effected when the borrower notifies the creditor of his intention to rescind

. . . . [TILA] does not also require him to sue within three years." *Jesinoski v.*

*Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

The *Rooker-Feldman* doctrine prevented the district court from exercising

jurisdiction over the Waisomes' suit.  The Waisomes and Chase were both parties

to the Florida foreclosure action.  *See Storck*, 354 F.3d at 1310.  Likewise, the

Florida judgments were final and conclusive on the merits as to the timeliness of

the Waisomes' attempt to rescind their mortgage; the judgments expressly

determined that the Waisomes' attempted rescission was untimely under TILA's

three-year statute of repose because they did not sue Chase within that time.  In

fact, this determination was erroneous, as TILA does not require a consumer to sue

a lender to rescind his mortgage.  *Jesinoski*, 135 S. Ct. at 792.  The Florida courts'

error, however, has no bearing on *Rooker-Feldman*'s applicability.  *See Nicholson,*

558 F.3d at 1270.  The Waisomes could have sought review of the Florida

judgments before the Florida and United States Supreme Courts.  *Casale*, 558 F.3d

at 1260.  Having failed to do so, the Waisomes may not relitigate the timeliness of

their attempted rescission in federal court.

The Waisomes argue that they had no reasonable opportunity to raise their

TILA claim in the Florida courts.  In fact, though, they asserted as an affirmative

defense in the foreclosure proceeding that they had validly rescinded their

mortgage—the same argument they now seek to press in federal court. The Waisomes also contend that they do not challenge, or allege a harm caused by, a state court judgment because they challenge only Chase's alleged TILA violation. This argument is unpersuasive, as the Waisomes' federal complaint sought a declaration that the Florida foreclosure judgment is null and void. Moreover, to determine that the Waisomes timely rescinded their loan "would effectively nullify the state court judgment" as to the issue of timeliness and necessarily hold "that the state court wrongly decided the issue[.]" *Id.* As such, the Waisomes' federal claim is "inextricably intertwined with the state court's judgment." *Storck*, 354 F.3d at 1310.

For these reasons, the district court did not err in dismissing the Waisomes' complaint under the *Rooker-Feldman* doctrine.

## IV.    CONCLUSION

Sometimes, a court renders a judgment that later developments in the law show to have been erroneous. By that time, the parties to the original action often will be unable to obtain review of the judgment and so must remain bound by it, even though it is wrong. The Waisomes believed they only needed to give Chase written notice of their intent to rescind, and the Florida courts believed the law said otherwise. As it turns out, the Waisomes were right and the Florida courts were

9

wrong.  Due to limits on federal jurisdiction, we nonetheless must let the Florida courts have the last word on the matter.

We affirm the district court.[3]

**AFFIRMED.**

---

[3] Because we conclude the district court properly dismissed the Waisomes' complaint under the *Rooker-Feldman* doctrine, we need not consider its alternative holding that res judicata barred the Waisomes from relitigating the timeliness of their attempt to rescind their mortgage.